UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARLEAN DATES,

        Appellant,

v.

HSBC BANK U.S.A., N.A., as Trustee
For the Certificateholders of ACE Securities
Corp. Home Equity Loan Trust, Series 2006-FM2
Asset-Backed Pass-Through Certificates,

        Appellee.

Case No.: 1:13-cv-376

Judge Michael R. Barrett

(On appeal from U.S. Bankruptcy
Court Case No. 1:12-bk-14507)

## OPINION AND ORDER

This matter is before the Court on Appellant Carlean Dates's Notice of Appeal from Bankruptcy Court (Doc. 1), Appellant's initial Brief (Doc. 6), Appellee HSBC Bank U.S.A., N.A.'s responsive brief (Doc. 8), Appellant's reply brief (Doc. 10), Appellant's Notice of Dispute and Notice of Judicial Notice (Docs. 11, 12), and Appellee's Motion to Dismiss (Doc. 15). Appellant has not filed a response in opposition to Appellee's Motion to Dismiss, and the time for doing so has expired.

In her Brief, Appellant indicates that she is appealing the bankruptcy court ruling granting Appellee relief from the automatic stay. Specifically, she raises a number of issues focused primarily on the bankruptcy court's determinations as to whether Appellee is the holder of her note, the assignee of her mortgage, and had authority to seek and properly sought relief from the automatic stay.[1]

---

[1] Appellant also filed an appeal on May 2, 2013 of the bankruptcy court's order as to Appellee's proof of claim in the underlying proceeding.  *See Dates v. HSBC Bank U.S.A., N.A.*, No. 1:13-cv-291 (S.D. Ohio).  All issues relating to the proof of claim order are addressed in that appeal.

1

Although the parties completed briefing on the issues raised by Appellant in her Notice of Appeal and Brief, Appellee now has filed a motion to dismiss Appellant's claims as moot because the bankruptcy court dismissed Appellant's Chapter 13 bankruptcy on May 14, 2014 for failure to make plan payments (Doc. 15-1, PageID 762), and the bankruptcy appellate court dismissed Appellant's appeal as untimely (Doc. 15-2, PageID 764).[2]  Appellant has not opposed that motion.

In the Sixth Circuit, "[t]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006); *see also Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)) ("'Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.'").  In the context of bankruptcy proceedings, several courts have specifically recognized that once the bankruptcy case is dismissed, there no longer is any reason to resolve a dispute over the automatic stay.  For example, in *Income Property Builders, Inc. v. The Lomas & Nettleton Co. (In re Income Property Builders)*, 699 F.2d 963, 964 (9th Cir. 1982), the court held that the debtor's dismissal of his Chapter 7 bankruptcy petition rendered moot his appeal challenging the bankruptcy court's grant to a creditor of relief from an automatic stay.  The court explained:

> Obviously the automatic stay provided in 11 U.S.C. § 362(a) was dependent upon the operation of bankruptcy law, and that law was pertinent only because of the existence of the proceeding in bankruptcy.  The order granting the stay was made in the exercise of a power conferred by

---

[2] In ruling on a motion to dismiss, a court may consider public records.  *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (courts may consider materials beyond the complaint "if such materials are public records or are otherwise appropriate for the taking of judicial notice").  In doing so, the Court has verified that the documents referenced by Appellee have indeed been filed in the bankruptcy court as Document 184, entered on May 14, 2014, and Document 195, entered on July 15, 2014 by the Bankruptcy Appellate Panel of the Sixth Circuit.

> bankruptcy law. Any power that we have with respect to the stay is derived from our appellate power in bankruptcy matters. Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.

*Id.*

In an equally relevant decision, the district court in *In re Borrows*, No. C-98-2674-SI, 1998 U.S. Dist. LEXIS 19356, at *5 (N.D. Cal. Dec. 8, 1998), stated:

> Where a debtor appeals the lifting of the automatic stay, the bankruptcy court subsequently dismisses the underlying bankruptcy action, and the debtor fails to appeal the dismissal of the underlying bankruptcy action, the debtor's appeal of the lifting of the stay is moot.

*Id.* at *8. As such, the district court held that because the debtor's "appeal seeks reinstatement of the automatic stay after the bankruptcy proceeding has been dismissed" and a "stay requires the existence of a bankruptcy action," it could not "reinstate the stay once the bankruptcy proceeding has been dismissed." *Id.*

Other courts are in accord. *See, e.g.*, *Miller v. Marshall*, No. 12 C 02566, 2013 U.S. Dist. LEXIS 132865, at *23-24 (N.D. Ill Sept. 17, 2013) (where the debtor's Chapter 13 bankruptcy petition was dismissed for failure to make plan payments, his challenge to the bankruptcy court's denial of his motions to stay were deemed moot); *Ficken v. United States (In re Ficken)*, 2 F.3d 299, 300 (8th Cir. 1992) ("Because we affirm the effective dismissal of the Fickens' chapter 13 petition, the Fickens' challenge to the order lifting the stay is moot."); *Olive Street Invs. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay" and "the appeal has become moot.").

3

Applying those same principles here, the Court finds that Appellant's appeal has become moot.  Appellant's appeal concerns only the bankruptcy court's decision to lift the automatic stay.  As the automatic stay is dependent upon the underlying bankruptcy estate, the underlying bankruptcy case has now been dismissed, and the appeal has been denied as untimely, the requested reversal of the decision lifting the automatic stay for Appellee would no longer make a difference to the legal interests of the parties.  Accordingly, the Court hereby **GRANTS** Appellee's Motion to Dismiss (Doc. 15) and **DENIES AS MOOT** Appellant's Notice of Appeal from Bankruptcy Court (Doc. 1), Appellant's Initial Brief (Doc. 6), Appellant's Notice of Dispute and Notice of Judicial Notice (Docs. 11, 12).   This matter shall be **CLOSED.**

    **IT IS SO ORDERED**.

                                              s/Michael R. Barrett  
                                              JUDGE MICHAEL R. BARRETT  
                                              UNITED STATES DISTRICT COURT